## WASLAW KAMINSKAS
*vs.*
## JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY

Court of Common Pleas  New Haven County  File No. 31609

MEMORANDUM FILED JANUARY 13, 1942.

*Leon E. McCarthy,* of Ansonia, for the Plaintiff.

*Stoddard, Persky & Eagan,* of New Haven, for the Defendant.

McNIFF, J. The memorandum of decision herein dated November 7, 1941, is hereby made part of this memorandum of decision, excepting, however, the last paragraph of the former memorandum of decision.

At the hearing after the original judgment herein was opened the plaintiff claimed return of the premiums paid and interest thereon to the date of trial for the period from October 1, 1933, a date accepted as nearest to the last part of September, 1933, which was the last time the defendant company found evidence of the insured being alive.

An examination of cases elsewhere shows that the highest courts of other states are not in agreement on the issues decided herein. However, after due consideration of the citations submitted, and keeping in mind *Potter vs. Prudential Insurance Co.,* 108 Conn. 271, the court is of the opinion and finds that the plaintiff is entitled to a portion of the refund of premiums he seeks, to the extent stated hereinafter.

The plaintiff's claim for return of all the premiums paid since October 1, 1933, is not granted. There was no evidence that the insured died on or before that date. It is only by application of the common-law rule, statute and the reported decisions that the presumption of death is accepted and made conclusive so that the plaintiff can recover at all on the policies. As the plaintiff was unable to offer evidence justifying a reasonable inference as to the actual date of death, he is left in the position of any plaintiff who fails to sustain the burden of proof on an issue of fact.

Next to consider in order is whether the premiums, with

interest, paid since October 1, 1940, or October 4, 1940, the date when "proofs of loss" were furnished to the defendant, should be awarded to the plaintiff. Here the plaintiff is on stronger ground. The presumption of death became conclusive on October 1, 1940, and the defendant should return the premiums paid after October 4, 1940. However, the plaintiff is not entitled to interest on such premiums. Interest is generally awarded as part of damages when money is retained past the time when it should have been paid. In this case the plaintiff felt he had to pay the premiums after the period of seven years had expired, just as he had during the period of seven years of unexplained absence, for the reason that if he did not so pay and the insured appeared thereafter in full life after the policy had lapsed because of nonpayment of premiums, the plaintiff would be in a rather unfavorable position. On the other hand, the defendant company had no choice but to accept the premiums. Thus both parties, after the seven years had passed, continued to act in a manner each respectively thought was beneficial or was forced to tolerate, with an eye to protection, one against the other. Under such circumstances there amounted to what was to all intents and purposes a mutual agreement to pay and receive premiums. This state of affairs continued down to the date of the original trial in this case, October 28, 1941. In this situation no award of damages for interest on premiums for the time which has elapsed since the end of the seven years on October 1, 1940, should be allowed. The premiums paid since October 4, 1940, are in a different class from those paid during the preceding seven years, for the defendant, on October 4, 1940, as found in the previous judgment herein as well as in this memorandum, was legally bound to pay the proceeds of the policies on that date, and is not entitled to retain for its own enrichment premiums which no longer were necessarily payable, because the plaintiff had complied with the terms of the policies by furnishing "proofs of loss", which by their very nature included all proper premium payments under the policies up to the time of furnishing such proofs of loss.

There is thus found due to the plaintiff from the defendant the following sums as elements of the total damages:

1. Principal sum of the policies..........$1,000.00

2. Interest thereon from October 4, 1940, date of providing "proofs of loss", to

date of this judgment................ 76.50

3. Premiums paid from October 4, 1940, to October 28, 1941, being the date of the original trial, without interest, 55 weeks at one dollar per week............. 55.00

The issues are found for the plaintiff and judgment is therefore directed to be entered that the plaintiff recover of the defendant $1,131.50 damages, and his costs.